[Cite as *Ohio Bur. of Workers' Comp. v. Petty*, 2016-Ohio-5753.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ohio Bureau of Workers' Compensation

Appellant

v.

Beth C. Petty, et al.

Appellee

Court of Appeals No. L-16-1007

Trial Court No. CVF-14-01194

**DECISION AND JUDGMENT**

Decided: September 9, 2016

* * * * *

Zachary D. Maisch and David E. Bowers, for appellant.

David P. Stadler and Paul R. Morway, for appellee.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, the Ohio Bureau of Workers' Compensation (BWC), appeals the judgment of the Toledo Municipal Court, denying its motion for summary judgment and

granting appellee's, Roselyn Rayford, cross-motion for summary judgment. Because we find that there are genuine issues of material fact that must be resolved, we reverse.

## A. Facts and Procedural Background

{¶ 2} This matter arose out of an automobile accident that occurred on June 23, 2010, involving Rayford and appellee, Beth Petty. The accident was allegedly caused by Rayford.

{¶ 3} As a result of injuries sustained during the accident, which occurred in the scope of Petty's employment, Petty filed a claim with BWC on November 7, 2011, seeking medical and compensation payments. According to an affidavit filed by BWC, Petty's claim for benefits was allowed on November 30, 2011.

{¶ 4} In addition to her claim for workers' compensation benefits, Petty also filed a personal injury action against Rayford. On June 25, 2012, Petty settled her personal injury claims against Rayford for $65,000. As part of the settlement, Petty agreed to execute a release in Rayford's favor. Petty's counsel verbally notified BWC of the settlement on July 18, 2012. A follow-up letter setting forth the terms of the settlement was sent to BWC on July 30, 2012. On June 19, 2013, BWC paid out a lump sum benefit to Petty in an amount totaling $10,849.86.

{¶ 5} On January 23, 2014, BWC filed its complaint in the present action. In the complaint, BWC asserted a claim for subrogation pursuant to R.C. 4123.93 and 4123.931 against Petty and Rayford. BWC alleged that Petty and Rayford were jointly and severally liable for its benefit payments totaling $11,119.86 in light of Petty's settlement

2.

of her personal injury claim against Rayford. Following discovery, BWC filed a motion for summary judgment on January 8, 2015. In response, Petty and Rayford each filed oppositions to BWC's motion, and Rayford filed a cross-motion for summary judgment.

{¶ 6} In the cross-motion, Rayford argued that BWC was not entitled to subrogation pursuant to R.C. 4123.93 or 4123.931 because Petty was not a "claimant" at the time she executed the release agreement. Although Rayford acknowledged that Petty filed an application for benefits with BWC prior to the date of the settlement, she asserted that Petty was not a claimant as that term was defined in our decision in *Ohio Bur. Of Workers' Comp. v. Dernier*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150, since Petty was not yet "qualified to be chosen" to receive payment of such benefits. Rayford urged that BWC did not make a benefit payment to Petty until "long after the appellees had entered a settlement agreement." For that reason, Rayford insisted that BWC was not entitled to subrogation, and sought the dismissal of the complaint.

{¶ 7} After reviewing the competing motions, the trial court issued its decision on December 7, 2015, in which it denied BWC's motion for summary judgment, granted Rayford's cross-motion for summary judgment, and dismissed the action with prejudice. BWC's timely appeal followed.

## B. Assignment of Error

{¶ 8} On appeal, BWC assigns the following error for our review:

3.

The trial court erred in granting defendant/appellee's cross-motion for summary judgment and overruling plaintiff/appellant's motion for summary judgment.

## II. Analysis

{¶ 9} In its sole assignment of error, BWC argues that the trial court erroneously granted Rayford's cross-motion for summary judgment.

{¶ 10} We review summary judgment rulings de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 11} In this case, BWC contends that it was entitled to subrogation under R.C. 4123.931. R.C. 4123.931 provides, in relevant part:

(A) The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that

third party. The net amount recovered is subject to a statutory subrogee's right of recovery.

* * *

(G) A claimant shall notify a statutory subrogee and the attorney general of the identity of all third parties against whom the claimant has or may have a right of recovery, except that when the statutory subrogee is a self-insuring employer, the claimant need not notify the attorney general. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee and, when required, the attorney general, with prior notice and a reasonable opportunity to assert its subrogation rights. *If a statutory subrogee and, when required, the attorney general are not given that notice, or if a settlement or compromise excludes any amount paid by the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.* (Emphasis added.)

{¶ 12} BWC asserts that it became vested with subrogation rights in March 2012, when it made a payment of $100 for a medical expense incurred by Petty. Further, because it is undisputed that Petty did not provide BWC with prior notice of her settlement agreement, BWC argues that Petty and Rayford are jointly and severally liable for the full amount of the subrogation interest, which includes "past, present, and

estimated future payments of compensation, medical benefits, rehabilitation costs, or death benefits, and any other costs or expenses paid to or on behalf of the claimant by the statutory subrogee * * *."  R.C. 4123.93(D).

{¶ 13} In response to BWC's arguments, Rayford urges that BWC is not entitled to subrogation in this case because Petty was not a "claimant" as of the date of the settlement.[1]  Rayford relies upon our decision in *Dernier*, *supra*, as support for her position.

{¶ 14} In *Dernier*, we examined the statutory definition of "claimant" found in R.C. 4123.93(A).  Under that statute, a claimant is defined as "a person who is eligible to receive compensation, medical benefits, or death benefits under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code."  Construing this definition, we found that a claimant is one who is presently eligible to receive benefits.  *Dernier*, *supra*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150, at ¶ 31.  Because Dernier's (the employee) application for workers' compensation benefits had been rejected at the time of the settlement, we found that she was not presently eligible to receive benefits and was therefore not a claimant under R.C. 4123.93(A).  *Id.* at ¶ 32.

{¶ 15} Comparing the facts of *Dernier* to the facts in this case, we find that *Dernier* is inapplicable.  Notably, the uncontested evidence in the form of an affidavit

---

[1] Rayford also argues that the terms of the settlement agreement discharged her from any causes of action arising out of the June 23, 2010 accident that gave rise to Petty's claim for workers' compensation benefits.  However, in light of the joint and several liability imposed upon third parties under R.C. 4123.931(G), we find no merit to this argument.  Rather, we find that the settlement agreement, to which BWC was not a party, did not extinguish BWC's potential subrogation rights against Rayford.

6.

attached to BWC's motion for summary judgment establishes that Petty's application for benefits was allowed on November 30, 2011, almost seven months prior to the settlement. Moreover, the record establishes that a payment of $100 was made by BWC three months before Petty settled her personal injury claims against Rayford.

{¶ 16} Nonetheless, we find that a genuine issue of material fact exists as to the nature of the aforementioned $100 payment. Rayford insists that this payment was "an administrative payment for a review of Ms. Petty's medical records to determine if she was eligible for benefits." On the contrary, BWC insists that the $100 payment was the first benefit payment that BWC made to or on behalf of Petty. The documentary evidence attached to the parties' motions for summary judgment includes a "detailed HPP medical billing history of claim" that lists the $100 payment, along with the date of service and the name of the health care provider that received the payment, but it does not specify the nature of the medical services provided. Because a genuine issue exists regarding whether an actual benefit payment was made prior to the date of the settlement agreement, we find that summary judgment was not proper in this case.

{¶ 17} Accordingly, BWC's sole assignment of error is well-taken. We remand this matter to the trial court for resolution of the factual issue concerning whether BWC made a benefit payment prior to the execution of the settlement agreement in this case.

7.

## III.  Conclusion

{¶ 18} For the foregoing reasons, the judgment of the Toledo Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.  Rayford is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                   JUDGE

Arlene Singer, J. _____

Stephen A. Yarbrough, J.       _____
CONCUR.                                        JUDGE

_____
JUDGE

8.